**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-60-J-39MCR

THOMAS LAVONNE PETERSON  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Thomas Lavonne Peterson is a 38-year-old inmate incarcerated at Coleman Low FCI, serving a 90-month term of imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine. (Doc. 51, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 29, 2025. Peterson seeks compassionate release because of the Covid-19 pandemic and because he suffers from HIV, hyperthyroidism, and Tietze syndrome. (Doc. 56, Motion).[2]

---

[1]     Peterson satisfied § 3582(c)(1)(A)'s exhaustion requirement.

[2]     According to Peterson, Tietze is "a rare inflammatory disorder characterized by chest pain and swelling of the cartilage on one or more of his upper ribs, specifically where the ribs attach to the breastbone or sternum." Motion at 4.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Peterson has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. To be sure, HIV is a serious condition not to be taken lightly, especially in light of Covid-19. But fortunately, advances in medical treatment have made HIV a manageable condition. According to the Centers for Disease Control (CDC), those who have HIV might be at increased risk for severe infection from Covid-19, which is distinct from the conditions that the CDC says definitively increase the risk of serious illness.[3] The CDC advises that those who have "HIV with a low CD4 cell count[4] or [are] not on HIV treatment" have a weakened immune system, which "may increase [the] risk of severe illness from COVID-19." Peterson acknowledges that he receives Genvoya, an antiretroviral drug, to treat his HIV. Motion at 7; (see also Doc. 56-5, Medical Records at 25). He offers no evidence that

---

[3]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4]   CD4 cells are white blood cells that fight infection. "A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood. At levels below 200, a person becomes susceptible to opportunistic infections." United States v. Carter, No. CR 107-076, 2020 WL 4194014, at *2 n.4 (S.D. Ga. July 21, 2020) (citation omitted).

2

his CD4 cell count is low. Bloodwork performed on October 13, 2019, reflected that Peterons's total white blood cell count (WBC) was within the normal range, and that his levels of neutrophils and lymphocytes (two types of white blood cells) were also within normal limits. Id. Peterson's level of monocytes were somewhat elevated and his level of eosinophils were slightly depressed. Id. Overall, however, the evidence does not show that Peterson's HIV, which appears to be well controlled, impairs his ability to provide self-care within the prison environment or puts him at imminent risk from Covid-19.

Nor do Peterson's other conditions – Tietze and hyperthyroidism – justify compassionate release. The CDC does not identify either condition as a risk factor for serious illness from coronavirus. Nor has Peterson demonstrated that either of these conditions impairs his ability to function or provide self-care within the prison environment. As such, the Court concludes that Peterson has not demonstrated extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.[5]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction for the reasons described in the United States' response. (Doc. 58, Response at 1-3, 16-18). In 2006, Peterson was convicted in this Court of conspiracy to distribute five kilograms or more of cocaine and sentenced to a term of 87 months in prison. (Doc. 46, Presentence Investigation Report [PSR] at ¶ 49). Peterson was released from incarceration on April 11, 2012, and placed under supervised release. Despite the

---

[5] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. Peterson relies on Application Note 1(A)(ii), and he neither invokes the "catchall provision," Application Note 1(D), nor argues that the Court has discretion to identify extraordinary circumstances outside those listed in Application Notes 1(A)-(C). In any event, the Court's decision does not depend on the resolution of that issue because it also determines that the § 3553(a) factors do not support a sentence reduction.

prior federal conviction, "he began his involvement in the instant offense during his last year of supervised release." Id. In the instant case, Peterson was once again convicted of a federal drug trafficking offense – conspiracy to possess with intent to distribute five kilograms or more of cocaine. The offense involved 6.78 kilograms of cocaine as well as 94.3 grams of heroin. Id. at ¶ 29. Peterson was spared the 10-year mandatory minimum prison sentence, and sentenced to a term of 90 months in prison, because he provided substantial assistance. (See Doc. 52, Statement of Reasons at § II.B). However, Peterson has only served about 21 months of his 90-month prison term. In view of all the § 3553(a) factors, further reducing Peterson's term of imprisonment would not be consistent with the statutory purposes of sentencing at this time.

Accordingly, after complete review of the record, Defendant Thomas Lavonne Peterson's Motion for Compassionate Release (Doc. 56) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of October, 2020.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[6] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).